# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2024

Lyle W. Cayce
Clerk

No. 22-20138

———————

Linda Moore; Thomas Moore, Jr.,

*Plaintiffs—Appellants*,

*versus*

Wells Fargo Bank, National Association, *as trustee for* MASTR Asset Backed Securities Trust 2004-OPT2, Mortgage Pass-Through Certificates; PHH Mortgage Corporation,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3299

———————

Before Graves, Ho, and Duncan, *Circuit Judges*.

Per Curiam:[*]

In 2020, Linda and Thomas Moore sought declaratory judgment that their mortgage lenders could not foreclose on their home. The Moores claimed that the statute of limitations period had run, because the lender accelerated the loan in 2016. The lenders filed for summary judgment and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

responded that subsequent notices sent to the Moores served to reset the limitations period.  The district court granted summary judgment.  The Moores appealed, asserting that the subsequent notices did not reset the limitations period, because Texas law prohibited lenders from sending notes that simultaneously rescind and reaccelerate a loan.

Because Texas law is unclear as to whether any time must pass between a rescission and a reacceleration, we certified the following question to the Supreme Court of Texas: "May a lender simultaneously rescind a prior acceleration and re-accelerate a loan under Civil Practice and Remedies Code Section 16.038?"

The Texas Supreme Court responded that "a rescission . . . resets limitations even if it is combined with a notice of reacceleration." *Moore v. Wells Fargo Bank, et. al.*, No. 23-0525, 2024 WL 735927 *2 (Tex. Feb. 23, 2024).

So under Texas law, the lenders' rescission and reacceleration notices did reset the statute of limitations period for foreclosure.  Accordingly, we AFFIRM.